**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-490-RJC-DSC**

| | |
|---|---|
| **PACIFIC CHLORIDE INCORPORATED,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNIVERSAL PROTECTION SERVICE LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss or in the Alternative Transfer Venue" (document #11) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

On October 13, 2015, Plaintiff filed this action against Defendant alleging breach of a security services contract to be performed at Plaintiff's facility in Louisiana. Plaintiff is a Delaware corporation with its principal place of business in New Jersey. Defendant is a Delaware limited liability company with its principal place of business in California. Defendant maintains a regional headquarters in Charlotte. Defendant's sole member is a California resident.

The parties' contract is a form document prepared by Defendant. The contract contains a forum selection clause as follows:

**16. EXCLUSIVE JURISDICTION**
[Defendant] and [Plaintiff] hereby consents [sic] to the exclusive jurisdiction of any state or federal court located within the County of Mecklenburg, State of North Carolina and irrevocably agrees [sic] that all actions or proceedings arising out of

> or relating to this agreement shall be litigated in such courts. [Plaintiff] accepts for
> and [sic] itself generally and unconditionally the jurisdiction of the aforesaid courts
> and waives any defense of forum non conveniens, and irrevocably agrees to be
> bound by any judgment rendered thereby in connection with this Agreement.

Exhibit A to "Complaint" (document #1-1) (emphasis in original).

Notwithstanding this unambiguous forum selection clause contained in its form document, Defendant now maintains that this matter should be dismissed for improper venue or transferred to the United States District Court for the Western District of Louisiana. Defendant contends that all of the relevant incidents occurred in Louisiana and "many if not all" of the witnesses are located there.

A forum-selection clause agreed upon by the parties "represents the parties' agreement as to the most proper forum" and "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S.Ct. 568, 581 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. The party opposing the forum-selection clause bears the burden of establishing that enforcement of the clause is unwarranted. Id.

Defendant has failed to carry the burden of showing that its own forum selection clause should not be upheld by the Court. For those and the other reasons stated in Plaintiff's brief, the undersigned recommends that the Motion be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss or in the Alternative Transfer Venue" (document #11) be **DENIED**.

# IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: February 3, 2016

David S. Cayer
United States Magistrate Judge